IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD IBUADO,

    **Plaintiff,**

v.                                         No. CV 07-1201 WJ/LAM

PATRICK DAVIS, et al.,

    **Defendants.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Defendant Patrick Davis' *Motion for Summary Judgment* (*Doc. 25*), filed on August 15, 2008. Defendant Davis also filed a *Memorandum in Support of Motion for Summary Judgment* (*Doc. 26*) (hereinafter "*Memorandum in Support*"), on August 15, 2008. Plaintiff responded on October 8, 2008 (*Doc. 33*) (hereinafter "*Response*"). Defendant did not file a reply. United States District Judge William P. Johnson referred the claims raised in the *Motion for Summary Judgment* to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.[2] Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Defendant Davis' *Motion for Summary Judgment* (*Doc. 25*) be **GRANTED** and that

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2] *See* **Order of Reference Regarding Prisoner Cases** (*Doc. 37*).

judgment be entered in favor of Defendants dismissing all of Plaintiff's claims and this case with prejudice.[3]

### *Background*

Plaintiff is an inmate proceeding *pro se* and *in forma pauperis* who initiated this case on November 27, 2007, by filing his **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983** (*Doc. 1*) (hereinafter "**Complaint**").  Because Plaintiff appears in this case *pro se*, the undersigned construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff's complaint asserts civil rights claims pursuant to 42 U.S.C. § 1983.  On October 9, 2008, the Court dismissed Plaintiff's claims against all Defendants in this case except Defendant Davis.  *See* **Memorandum Opinion and Order** (*Doc. 35*) at 3.

Plaintiff alleges that Defendant Davis violated his constitutional rights by falsely alleging "that a handgun was pointed at [Defendant Davis] in order to justify a high speed pursuit outside of his jurisdiction," and because he "was [the] commanding officer in charge of other officers" who Plaintiff alleges beat him after he was apprehended.  *See* **Complaint** (*Doc. 1*) at 4.  Defendant Davis seeks entry of summary judgment in his favor on Plaintiff's claims because he contends that there was probable cause to arrest Plaintiff and that Defendant Davis was not directly involved in Plaintiff's arrest or in the alleged use of excessive force during Plaintiff's arrest.  *See* **Memorandum in Support** (*Doc. 26*) at 7.

---

[3]Defendant Davis is the sole remaining defendant in this case inasmuch as the other defendants named in the **Complaint** were dismissed on October 9, 2008.  *See* **Memorandum Opinion and Order** (*Doc. 35*).

### *Legal Standard for Summary Judgment*

A court may grant summary judgment if a moving party demonstrates that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998).  Once this initial burden is met, the burden shifts to the nonmoving party to present specific, admissible facts from which a rational trier of fact could find for the nonmoving party.  *Id.* at 671.  The nonmoving party may not rest on his pleadings, but must set forth specific facts showing there is a genuine issue for trial.  *See Applied Genetics Int'l., Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see also* Fed. R. Civ. P. 56(e).  "'[W]here the non[]moving party will bear the burden of proof at trial on a dispositive issue,' that party must 'go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F. 3d 1125, 1128 (10th Cir. 1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Supporting and opposing affidavits must be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated in the affidavit. *See* Fed. R. Civ. P. 56(e)(1).  Copies of documents, or parts of documents, referred to in an affidavit must be sworn or certified and either attached to, or served with, the affidavit. *Id.*

Only statements made with actual knowledge will support a motion for summary judgment and a court must disregard statements of mere belief.  *See Tavery v. United States*, 32 F.3d 1423, 1427 (10th Cir. 1994).  In considering a motion for summary judgment, a court assumes the evidence of the nonmoving party to be true and draws all justifiable inferences in the nonmoving party's favor.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255.  The essential inquiry on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.

### A.  *Probable Cause for Arrest and Justification for Pursuit Beyond Defendant Davis' Jurisdiction*

Plaintiff asserts that Defendant Davis violated his Fourth and Fourteenth Amendment constitutional rights by falsely alleging "that a handgun was pointed at [Defendant Davis] in order to justify a high speed pursuit outside of his jurisdiction." **Complaint** (*Doc. 1*) at 4.  Plaintiff alleges that "[n]o handgun or any evidence of a weapon was ever discovered."  *Id.*

Defendant Davis contends that he is entitled to qualified immunity and/or summary judgment, regardless of whether or not he falsely alleged that he observed Plaintiff pointing a gun at him, because "Plaintiff's other actions amount to probable cause for arrest."  **Memorandum in Support** (*Doc. 26*) at 6.  Defendant states that there was probable cause to arrest Plaintiff because he "was driving without headlights and failed to pull over when Officer Davis engaged his emergency equipment, [and] attempted to flee Lieutenant Davis at speeds reaching 100 miles per hour."  *Id.* at 6 and Exhibit A (*Affidavit of Patrick Davis*) at 1-2.  Other officers from various law enforcement agencies assisted in apprehending and eventually arresting Plaintiff.  *Id.*  Plaintiff does not dispute these allegations.

To the extent Plaintiff is alleging that Defendant Davis violated his constitutional rights because he falsely alleged that Plaintiff pointed a gun at him and/or because he pursued Plaintiff outside of his jurisdiction, Plaintiff's claim fails. An officer may engage in pursuit of a suspect who violates traffic laws and attempts to elude the officer. *See Graves v. Thomas*, 450 F.3d 1215, 1223-24 (10th Cir. 2006) (holding that where police officer attempts to make a traffic stop and motorist flees at a high rate of speed in order to elude the officer, the officer's pursuit of him is justified). It is undisputed that Plaintiff was driving without headlights and fled at a high rate of speed after Davis pulled behind Plaintiff's vehicle and engaged his police lights and siren to effectuate a traffic stop. Furthermore, it was Plaintiff who fled off campus, thus leading Defendant Davis "beyond his jurisdiction." *See United States v. Jackson*, No. 04-5038, 2005 WL 1566764, 139 Fed. Appx. 83 (10th Cir. July 6, 2005) (unpublished) (explaining that officer's arrest of the defendant outside of the officer's jurisdiction was justified when officer was found to be in "hot pursuit" of the defendant). To the extent Plaintiff is alleging that Defendant Davis violated his constitutional rights for arresting him without probable cause, this claim fails because it is undisputed that Defendant Davis was not involved in Plaintiff's arrest. *See Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988) (to succeed on a complaint brought pursuant to 42 U.S.C. § 1983, a plaintiff must allege some personal involvement by the defendant in the constitutional violation).[4]

The Court finds that Plaintiff's failure to stop when Defendant Davis activated his police lights and siren, and engaging in a high-speed chase, justify Defendant Davis' pursuit of Plaintiff, even beyond Davis' jurisdiction, regardless of whether Plaintiff allegedly pointed a gun at Defendant Davis.

---

[4] Plaintiff's only allegations regarding Defendant Davis' involvement in the arrest is that he was "the instigating officer" and the "commanding officer in charge of other officers during the assault and beating of [Plaintiff] after he was apprehended." *See* **Complaint** (*Doc. 1*) at 4. There is no allegation that Defendant Davis was even present when Plaintiff was arrested and Plaintiff fails to state the charge for which he was arrested, stating only that "[h]e was subsequently overcharged with multiple offenses." *Id.* at 3.

Therefore, the undersigned recommends that Defendant Davis' motion be granted as to Plaintiff's claim that Defendant Davis violated his constitutional rights for pursuing him outside of his jurisdiction.

### B. *Excessive Force Claim*

Plaintiff alleges that Defendant Davis violated his Eighth and Fourteenth Amendment rights because "Lt. Davis was [the] commanding officer in charge of other officers during the assault and beating of [Plaintiff]." ***Complaint*** (*Doc. 1*) at 4.  Defendant Davis states that "Plaintiff cannot make a showing that Lieutenant Davis used excessive force as he was not involved in the arrest." ***Memorandum in Support*** (*Doc. 26*) at 7 and Exhibit A (***Affidavit of Patrick Davis***) at 2, ¶ 12 ("I was not involved in the apprehension of the suspects [including Plaintiff].  Officers from other police agencies arrested the suspects.").

To succeed on a complaint brought pursuant to 42 U.S.C. § 1983, a plaintiff must allege some personal involvement by the defendant in the constitutional violation.  *See Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988).  To establish a supervisor's liability under § 1983, Plaintiff must show that "an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id.* (internal quotations, brackets and citations omitted).  Here, Plaintiff has failed to establish an affirmative link between the alleged excessive force used during his arrest and any personal involvement, including exercise of control or direction, or failure to supervise, by Defendant Davis. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, . . . we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.") (citation omitted).  Therefore, the undersigned recommends that Defendant Davis' motion be granted

as to Plaintiff's claim that Defendant Davis violated Plaintiff's constitutional right to be free of excessive force.

### *Conclusion*

The Court finds that there are no genuine issues of material fact with regard to Plaintiff's claims and Defendant Davis is entitled to judgment in his favor as a matter of law. Accordingly, Defendant Davis' *Motion for Summary Judgment* (*Doc. 25*) should be granted, judgment should be entered in favor of Defendants, and all of Plaintiff's claims, and this case, should be dismissed with prejudice.

### **RECOMMENDED DISPOSITION**

For the foregoing reasons, the undersigned recommends that Defendants' *Motion for Summary Judgment* (*Doc. 25*) be **GRANTED** and that judgment be entered in favor of Defendants dismissing all of Plaintiff's claims and this case with prejudice.

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**